# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

THEODIS KELLY
ADC #105053                                                                                           PETITIONER

VS.                                       5:06CV00151 JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                                       RESPONDENT

## ORDER

Pending before the Court is Petitioner's Notice of Appeal (docket entry #16), which includes a request to appeal *in forma pauperis*. Because the Court granted Petitioner's request to proceed *in forma pauperis* in the underlying action (docket entry #3), the Court will grant Petitioner's request to proceed *in forma pauperis* on appeal pursuant to Rule 24(a)(3) of the Federal Rules of Appellate Procedure.

The Court will also construe Petitioner's Notice as a Motion for a Certificate of Appealability. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that an appeal from the dismissal of a habeas action cannot be taken unless the trial court or the court of appeals grants the prisoner a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1). A COA will issue only when an applicant has "made a substantial showing of the denial of a constitutional right." *Winfield v. Roper*, 460 F.3d 1026, 1040 (8th Cir. 2006) (quoting 28 U.S.C. § 2253(c)(2)). Furthermore, there must be a demonstration that "a reasonable jurist" would find the Court's disposition of the constitutional claims or procedural rulings "debatable or wrong." *See Tennard v. Dretke*, 542 U.S. 274, 276 (2004); *see also Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002).

Finally, if a certificate of appealability is granted, the order must "indicate which specific issue or issues" may be challenged on appeal. 28 U.S.C. § 2253(c)(3).

On April 4, 2008, the Court dismissed this habeas action, with prejudice, because Petitioner had procedurally defaulted all of his habeas arguments. (Docket entry #13.) In his Notice, Petitioner does not advance any argument as to why the Court was incorrect in its procedural rulings. Based upon well-established and controlling precedent, the Court concludes that reasonable jurists would *not* find the Court's procedural rulings to be debatable or wrong. Accordingly, the Court will deny Petitioner's Motion for a Certificate of Appealability. If Petitioner wishes to appeal the Court's dismissal of his habeas action, he must obtain a certificate of appealability from the *Eighth Circuit Court of Appeals* pursuant to 28 U.S.C. § 2253(c)(1).

IT IS THEREFORE ORDERED THAT:

1. Petitioner's Notice of Appeal, construed as a Motion For Leave to Appeal *In Forma Pauperis* (docket entry #16), is GRANTED.

2. Petitioner's Notice of Appeal, construed as Motion for a Certificate of Appealability (docket entry #16), is DENIED

Dated this 8th day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE